**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000328**
**11-MAR-2019**
**08:57 AM**

NO. CAAP-18-0000328

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NORMAN KARL DOMINGCIL ACUPAN and MARISA CLAIRE IHARA VALENCIANO,
Plaintiffs-Appellees, v. MILISAV MICHELE NEDELJKOVIC;
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; AND DOE GOVERNMENTAL ENTITIES 1-10,
Defendant/Third-Party Plaintiff/Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 16-1-0005)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of (1) Defendant/Third-Party Plaintiff/
Appellant Milisav Michele Nedeljkovic's ("Nedeljkovic") appeal
from the Honorable Gary W.B. Chang's March 13, 2018 "Order
Denying Defendant Milisav M. Nedeljkovic's Motion to Set Aside
Default Judgment" in the Circuit Court of the Fifth Circuit Civil
No. 16-1-00005 (GWBC), and (2) the record, it appears that we
lack appellate jurisdiction because the circuit court has not yet
entered a final judgment that resolves all claims as to all
parties.

Hawaii Revised Statutes (HRS) § 641-1(a) (2016)
authorizes appeals from circuit courts to the Hawai'i
Intermediate Court of Appeals from "<u>final</u> judgments, orders, or
decrees[.]" (Emphasis added). Appeals under HRS § 641-1 "shall
be taken in the manner . . . provided by the rules of court."
HRS § 641-1(c). The Supreme Court of Hawai'i has adopted Rule 58

of the Hawaiʻi Rules of Civil Procedure (HRCP), which requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). In other words, "based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008).

Although the circuit court entered a January 6, 2017 order granting Plaintiffs-Appellees Norman Karl Domingcil Acupan and Marisa Claire Ihara Valenciano's motion for default judgment against Nedeljkovic, the circuit court never reduced the January 6, 2017 order to a separate judgment document. Under analogous circumstances, the Supreme Court of Hawaiʻi held that, "[a]bsent an underlying appealable final judgment, the circuit court's rulings on a purported Rule 60(b) motion are interlocutory and not appealable until entry of such a judgment." Bailey v. DuVauchelle, 135 Hawaiʻi 482, 491, 353 P.3d 1024, 1033 (2015). Similarly in the instant case, in the absence of an underlying appealable final judgment, the circuit court's subsequent March 13, 2018 "Order Denying Defendant Milisav M. Nedeljkovic's Motion to Set Aside Default Judgment" is not an appealable post-judgment order, but, instead, is an interlocutory order that will eventually be eligible for appellate review by way of a timely appeal from a future appealable final judgment under the principle that "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) (citation and

2

internal quotation marks omitted). Absent an appealable final judgment, we lack appellate jurisdiction.

The record on appeal in the instant case indicates that the Circuit Court has not yet resolved all claims against all parties and, instead, the Circuit Court granted Nedeljkovic leave to file his April 26, 2018 third-party complaint that asserts seven separate counts against Third-Party Defendant/Appellee All Islands, Inc., dba Century 21 All Islands, which remains pending and unresolved before the Circuit Court in Civil No. 16-1-00005 (GWBC). In the absence of finality, a temporary remand is unwarranted, and Nedeljkovic's appeal is premature. See, Waikiki v. Ho'omaka Village Association of Apartment Owners, 140 Hawai'i 197, 204, 398 P.3d 786, 793 (2017).

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000328 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 11, 2019.


Presiding Judge


Associate Judge


Associate Judge

3